IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL JOHNSON, | § | |
|     TDCJ-CID NO.274157, | § | |
|         Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-3694 |
| | § | |
| DOUGLAS DRETKE, | § | |
|         Respondent. | § | |

OPINION ON DISMISSAL

Daniel Johnson, a state inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the denial of parole. (Docket Entry No.1). For the reasons that follow, the Court will deny petitioner federal habeas relief.

I.   BACKGROUND

Petitioner reports that in September of 1977, he was convicted of aggravated rape in cause number 262,706 in the 230th Criminal District Court of Harris County, Texas. He was sentenced to life imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). Plaintiff claims he has met the eligibility requirements for release on parole but the Texas Board of Pardons and Paroles ("Parole Board") denied him parole on August 5 or August 24, 2004. (*Id.*). Petitioner claims he filed a state habeas application on July 6, 2005, complaining of the "ineffectiveness of counsel, prosecutorial misconduct, equal protection denial, violation of due process, retribution, penal code designation issue, [and] other grounds." (*Id.*). The Texas Court of Criminal Appeals denied the application on October 19, 2005, without written order. (*Id.*); see also *Ex parte Johnson*, No.WR10,570-06.[1]

---

[1] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2214558

Petitioner challenges the denial of parole on the following grounds:

1. The Parole Board violated the *Ex Post Facto* Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution by its retroactive application of laws and statutes when it denied petitioner release on parole;

2. Petitioner has been denied both procedural and substantive due process, equal protection, and rights protected under the Sixth Amendment by the Parole Board's consideration of un-adjudicated offenses filed as a result of law enforcement misconduct;

3. Petitioner has been subjected to invidious discrimination because the Parole Board has released other, more violent offenders to parole;

4. Petitioner's substantive due process and equal protection rights have been violated by the Parole Board's overhaul of its treatment of sex offenders for release on parole;

5. Petitioner was denied parole in retaliation for exercising his First and Fourteenth Amendment rights as a contributing writer to a book that was critical of the Parole Board;

6. Petitioner's due process and equal protection rights in his good name, reputation, and integrity were violated when the Parole Board labeled him a serial sexual offender by denying him parole for having committed the five un-adjudicated offenses and by publishing such information on agency and other government web sites.

(Docket Entry No.1).

Petitioner previously challenged the denial of parole in 2000 and 2002 on similar grounds. This Court granted respondent's motion and supplemental motion for summary judgment and denied petitioner relief. *Johnson v. Cockrell*, Civil Action No.H-03-CV-1268 (S.D. Tex. Apr. 1, 2004).

II. DISCUSSION

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243;

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. In this case, petitioner fails to state a violation of any right guaranteed by the Constitution or federal law. Accordingly, the Court will deny his petition and dismiss his claims with prejudice. *See Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

A.    New Laws and Policies

Petitioner maintains that the Parole Board denied him parole by applying laws and policies, which altered the definition of the crime for which he was convicted and increased its punishment in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, or the *Ex Post Facto* Clause of the United States Constitution. (Docket Entry No.1). Specifically, petitioner complains of the following laws, policies, and guidelines:

1.    Sections 508.046, 508.141, and 508.145(c) of the Texas Government Code;

2.    Parole Board policies, rules, or guidelines that

    (a)    allow members to vote on parole eligibility with respect to inmates convicted of certain sexual offenses under the requirements of section 508.46 of the Government Code;

    (b)    allow members to vote on parole eligibility with respect to inmates convicted of certain sexual offenses under former sections 21.02 and 21.03 as though they were serving sentences under sections 22.011 and 22.021 of the current Texas Penal Code;

    (c)    allow members to give less weight to the circumstances underlying the commission of a sexual offense and the objective and subjective parole readiness of the inmate and more weight to the actual sexual offense and victim letters;

    (d)    authorize the denial of parole for reasons more onerous that those in effect in 1977, which allow the Board to administratively adjudicate an inmate guilty of an un-adjudicated offense;

      (e)      give greater weight to the technical aspects of the offense and less weight to rehabilitation factors, which increases the amount of prison time an inmate must serve before being granted parole; and

      (f)      have altered the definition of his crime by considering him convicted of a *per se* violent, assaultive crime, unlike a rape offense in 1977.

(Docket Entry No.1). In addition, petitioner contends because a sexual offense has become stigmatized under current laws and Board policy, he has been denied parole as a member of a disfavored group. Petitioner maintains that he has a liberty interest in being considered for parole as an individual. (*Id.*).

1.    <u>Due Process</u>

An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Such release is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decision. *See Hilliard v. Board of Pardons and Paroles*; 759 F.2d 1190, 1192 (5th Cir. 1985); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (denying claim that parole review procedures deny due process because they give no advance written notice of hearings, no opportunity to be heard, and deny access to materials and right to be accompanied by person of

choice); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995) (denying claim that new parole review procedures allowing set-offs of more than one year violated due process).

Accordingly, petitioner is not entitled to federal habeas relief on his claims that the Parole Board violated his procedural and substantive due process rights by its application of Texas parole laws and Board policies and guidelines when it denied him release on parole in 2004. Therefore, such claims are subject to dismissal.

2.      Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Mayabb v. Johnson*, 168 F.3d 863, 870 (5th Cir. 1999). A petitioner may state an equal protection claim by showing that he has been intentionally treated differently from others similarly situated, without any rational basis, due to illegitimate animus or ill will. *See Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir. 2000) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (discussing equal protection claims brought by a "class of one")), *overruled on other grounds by McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002).

Petitioner contends that the Parole Board violated his right to equal protection by denying him release on parole in 2004 when it reviewed only the files of inmates who had committed capital offenses or sex offenses as required by new laws and Board policy.[2] Petitioner contends that by reviewing only those type of cases, parole members became jaded and callously indifferent to

---

[2] Petitioner does not state which new law or Parole Board policy requires Parole Board members to review only the files of those inmates who had committed certain crimes. Parole Board policy requires that candidates be evaluated on an individual basis. 37 TEX. ADMIN. CODE § 145.3 (2006) (Texas Board of Pardons and Paroles, Policy Statements Relating to Parole Release Decisions by the Board of Pardons and Paroles).

inmates, like petitioner, who had demonstrated that they had been rehabilitated. (Docket Entry No.1).

Petitioner, however, fails to allege or show that by reviewing files of offenders who fall under the provisions of Section 508.046 of the Texas Government Code, *i.e.*, capital offenders and some sex offenders, Parole Board members were motivated by illegal animus or ill will when they denied him parole in 2004. Accordingly, petitioner does not state a valid equal protection claim.

Petitioner also contends a new Parole Board policy implemented in August or September of 2004, treating convictions under sections 21.02 and 21.03 of the Texas Penal Code as extraordinary vote cases under Section 508.046 of the Texas Government Code,[3] violates his right to equal protection. Petitioner fails to state any facts that would give rise to a claim the Parole Board implemented or applied this policy at least in part because of, and not simply in spite of, the adverse impact it would have on offenders, like petitioner, who committed certain sex crimes. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir.1995). Moreover, petitioner states no facts to show that the Parole Board applied its new policy when it denied petitioner parole in 2004.[4]

---

[3] Section 508.046 provides the following:

> To release on parole an inmate who was convicted of an offense under Section 21.11(a)(1) [indecency with a child] or 22.021, Penal Code, [aggravated sexual assault] or who is required under Section 508.145(c) to serve 35 calendar years before becoming eligible for release on parole, all members of the board must vote on the release on parole of the inmate, and at least two-thirds of the members must vote in favor of the release on parole. A member of the board may not vote on the release unless the member first receives a copy of a written report from the department on the probability that the inmate would commit an offense after being released on parole. (brackets added).

TEX. GOV'T CODE ANN. §508.046 (Vernon 2005).

[4] The new policy of which petitioner complains did not become effective until November, 2004, months after petitioner was denied parole. *See* 29 TEX. REG. 10270.

Petitioner fails to show his entitlement to federal habeas relief on his equal protection claims; therefore, they are subject to dismissal.

3. *Ex Post Facto* Prohibition

"Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed" is an *ex post facto* law. *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798); *see also Carmell v. Texas*, 529 U.S. 513 (2000) (an *ex post facto* law changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed). To amount to an *ex post facto* violation, a change must be both retroactive and to a prisoner's detriment. *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept. [citations omitted]. Whether retroactive application of a particular change in parole law respects the prohibition on *ex post facto* legislation is often a question of particular difficulty when the discretion vested in a parole board is taken into account." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

Petitioner contends that various Parole Board rules, specifically those which allow the Board to administratively judge him guilty of un-adjudicated offenses without due process of law and rights attendant to a jury trial constitute *ex post facto* laws because they, along with other newer provisions, have increased the amount of prison time that petitioner must serve compared with the rules and polices in effect at the time of his conviction. (Docket Entry No.1).

Petitioner also contends that the Parole Board denied him parole because of a special stigmatism attached to an offense under section 21.021 of the Texas Penal Code, which did not exist in 1977 to an aggravated rape offense under former sections 22.02 and 22.03 of the Texas Penal Code. Petitioner contends because of this stigmatism, the Parole Board did not consider whether he as an individual should be paroled, but considered him as a member of a disfavored group.

7

Petitioner does not allege that the Parole Board applied a new law retroactively, thereby, increasing his punishment. He alleges the implementation of Parole Board policies and guidelines increased his punishment. The retroactive application of new parole guidelines or a change in the manner in which parole authorities exercise their discretion does not violate the *Ex Post Facto* Clause. *See Portley v. Grossman*, 444 U.S. 1311, 1312-13 (1980) (relying upon *Dobbert v. Florida*, 432 U.S. 282, 293 (1977)); *Simpson v. Ortiz*, 995 F.2d 606, 610 (5th Cir.1993) (recognizing that parole guidelines are not laws that can qualify as *ex post facto*); *Sheary v. United States Parole Comm'n,* 822 F.2d 556, 558 (5th Cir.1987) (same).

Petitioner fails to show his entitlement to relief on these *ex post facto* claims; therefore, they are subject to dismissal.

4.   Other Claims

Petitioner also claims that any unforseen judicial enlargement or interpretations of sections 21.02, 21.03, and 22.021 of the Texas Penal Code, in conjunction with more onerous parole laws, violate due process, equal protection the *ex post facto* prohibition. (Docket Entry No.1).

The *Ex Post Facto* Clause does not apply to the retroactive application of judicial decisions. *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001). Rather, the restrictions that exist on the retroactive application of judicial decisions flow from due process concerns. *Id.* at 459. Accordingly, petitioner's *ex post facto* claim is frivolous and subject to dismissal.

Moreover, "the retroactive application of new interpretations of criminal statutes and judicial alterations of common law doctrines of criminal law only implicate due process limitations 'where the new interpretation or change is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Janecka v. Cockrell*, 301 F.3d 316 , 324 n.11 (5th Cir. 2002) (quoting *Rogers,* 532 U.S. at 462). Petitioner does not challenge a specific judicial opinion, and therefore, fails to state a due process or an equal protection claim with respect to any

8

unforseen judicial enlargement or interpretation that retroactively applies new interpretations of sections 21.02, 21.03 and 22.021 of the Texas Penal Code. For this reason, plaintiff's claims are subject to dismissal.

Finally, petitioner fails to state any facts that would give rise to violations of the Texas Constitution. Accordingly, these claims will be dismissed.

B.      Un-adjudicated Offenses

Petitioner claims the Parole Board denied parole in 2004 on the basis of five un-adjudicated offenses, which were filed as a result of law enforcement misconduct. (Docket Entry No.1). Petitioner complains this action by the Parole Board violates his rights to procedural and substantive due process, equal protection, and rights to a jury trial protected under the Sixth Amendment, and the statute of limitations and amnesty under state law. (Docket Entry No.2). Petitioner complains that by relying on this "false information," the Parole Board has administratively judged him guilty of the offenses beyond a reasonable doubt. (*Id.*).

Petitioner notes that the Parole Board indicated that petitioner's criminal history and the nature of the offense were reasons for denying parole in 2004. (Docket Entry No.1). Specifically, he states that the Parole Board denied parole on the following grounds:

> Criminal History. 1.D.   The record indicates that the inmate has repeatedly committed criminal episodes or had a pattern of similar offenses that indicates a predisposition to commit criminal acts upon release; or the record indicates that the inmate is a leader or active[ly] participating in gang or organized criminal activity or the record indicates a juvenile or adult arrest for felony or misdemeanor offenses.

> Nature of Offense. 2.D.  The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety or property of others; the instant offense or pattern of criminal activity has elements of brutality violence or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; the record indicates the use of a weapon.

9

(Docket Entry No.1).  The Court observes that neither reason reflects a finding of guilt for any un-adjudicated offense.  Moreover, petitioner's allegation that the Parole Board considered "unreliable or even false information in making parole determinations, without more, simply do[es] not assert a federal constitutional violation."  *Johnson v. Rodriguez*, 110 F3.d 299, 308 (5th Cir. 1997).  For this reason, the claim is subject to dismissal.[5]

C.     Invidious Discrimination

Petitioner next complains that he has been subjected to invidious discrimination because the Parole Board has released other, more violent offenders, like Guy Marble, to parole.  (Docket Entry No.1).  Petitioner's conclusory allegation about Marble's results before the Parole Board, standing alone, does not support a claim of an equal protection violation.  Petitioner fails to state any facts that would give rise to a claim that the Parole Board acted with invidious discriminatory intent in denying petitioner release on parole, while granting Marble or any other inmate release.  *See Thompson v. Patterson*, 985 F.2d 202, 207 (5th Cir. 1993).

D.     Admission of Guilt

Petitioner maintains that the Parole Board denied him release on parole in 2004 because he refused to accept responsibility for five un-adjudicated sexual offenses, as required by Board policy. Petitioner refers the Court to an article in The Houston Chronicle, dated December 12, 2004, that he claims discusses Board policy regarding release on parole and revocation of parole on grounds that the offender refuses to admit his guilt.  (Docket Entry No.1).  Petitioner contends that he submitted a parole package to the Board in 2003, wherein he accepted full responsibility for

---

[5] The Court observes that petitioner's equal protection claim regarding the Parole Board's reliance on false information regarding the five un-adjudicated offenses in his parole file has been considered and rejected by this Court.  *See Johnson v. Dretke*, Civil Application No.H-03CV1268 (S.D. Tex. Apr. 1, 2004) (finding no equal protection violation for "denial of parole for an inmate whose record contains detailed evidence that he has raped numerous women").

10

committing the aggravated rape for which he was convicted in 1977, but denied committing the five un-adjudicated sexual offenses. (*Id.*). He claims the Board denied him release because he refused to admit such guilt. Petitioner contends by denying him parole for refusing to admit his guilt on the un-adjudicated offenses, the Parole Board has acted arbitrarily in violation of his Fifth Amendment right against compelled self-incrimination, and has violated his procedural and substantive due process rights, and his right to equal protection under the Fourteenth Amendment.

Petitioner, however, misstates the content of the newspaper article and Parole Board policy. The Houston Chronicle article discusses the plight of Texas parolees who are subject to sex-offender treatment programs as a condition of their parole. Thom Marshall, *Parolees, Lawyers Blast Sex-offender Program / Treatment Orders Some with No Sex-crime Record to Admit Guilt or Face Prison Time*, HOUS. CHRON. Dec. 12, 2004, at A1. The article states nothing pertinent to petitioner's claims regarding the denial of parole.

The Texas Administrative Code authorizes the Parole Board, as one of two options, to transfer an offender to a TDCJ rehabilitative treatment program, including the Sex Offender Treatment Program, and order the offender to be released on parole only after program completion, if it is determined that circumstances favor the offender's release to parole. 37 TEX. ADMIN. CODE § 145.15 (2006) (Texas Board of Pardons and Paroles, Action upon Review; Extraordinary Vote). Petitioner does not indicate that the Parole Board transferred him to the Sex Offender Treatment Program or that the Board denied him release on parole because he did not successfully complete the Sex Offender Treatment Program. Furthermore, he cites to no other Parole Board policy that would require the admission of guilt to an extraneous, un-adjudicated offense as a condition of release on parole. Petitioner, therefore, fails to show his entitlement to federal habeas relief on this claim. Accordingly, his claims are subject to dismissal.

E.      Retaliation

11

Petitioner recites reasons that he thinks should qualify him as ready for release on parole. Based on petitioner's account of his parole readiness, petitioner contends that the Court may infer that the Parole Board retaliated against him by denying him release on parole in 2004, because he contributed an article to a book that was critical of the Parole Board (Docket Entry No.1).

To state a retaliation claim, a plaintiff must invoke "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citations omitted ). Petitioner must show more than his "personal belief that he is the victim of retaliation." *Johnson*, 110 F3d. at 310.

By his own account, the Parole Board denied petitioner release on parole in 2004 because of the nature of petitioner's offense and his criminal history.[6] (Docket Entry No.1). Therefore, it is just as likely the Board denied parole for its stated reasons and not because of any retaliatory motive. Accordingly, petitioner's retaliation claim is subject to dismissal.

F.  Reputation

Petitioner claims when the Parole Board denied parole in 2004 on the basis of the five un-adjudicated offenses, it violated his procedural and substantive due process rights, his equal protection rights, his interest in his good name, reputation, and integrity by considering him a serial rapist. (Docket Entry No.1). Petitioner claims the Parole Board acted in concert with other state

---

[6] The Court takes judicial notice of the Memorandum and Order entered April 1, 2004, in which the Court noted evidence that petitioner was charged with five other rapes in addition to the present aggravated rape, that at least five other women testified in open court at the punishment phase of the trial that petitioner had raped them, and that petitioner admitted that he committed a violent offense in the present case. *Johnson v. Dretke*, Civil Action No.H-03CV1268 (S.D. Tex. Apr. 1, 2004) (Docket Entry No.29, page 13).

agencies to publish information designating him as such on agency web-sites and in sex offender registries, which will expose him to additional hardship should he be released from prison. (*Id.*).

It is well established that damage to reputation alone is not a protected liberty interest sufficient to invoke the procedural protections of the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976); *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989). However, "damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *State of Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995).

As previously discussed, petitioner fails to state any facts that would show that the Parole Board found him guilty of committing the five un-adjudicated offenses or violated any of his constitutional rights by considering the un-adjudicated offenses when they denied him parole in 2004. With respect to any liberty interest in his name, reputation, or integrity from being stigmatized as a serial sex-offender, petitioner fails to allege any facts that would show that he has been labeled a serial sex-offender. Plaintiff, however, was convicted of aggravated rape, therefore, any state classification as a sex offender is not defamatory and does not infringe upon a liberty interest protected by the Fourteenth Amendment. Moreover, petitioner fails to state any facts to show that Parole officials have intentionally treated him differently from other similarly situated inmates or have imposed conditions on him that were otherwise motivated by illegal animus or ill will that would give rise to an equal protection claim.

Accordingly, petitioner fails to show his entitlement to relief on his claims regarding his reputation and classification; therefore, these claims are subject to dismissal.

III.    <u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right; therefore, a certificate of appealability from this decision will not issue.

IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

V. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

14

4. Petitioner's second motion for an extension to pay filing fees (Docket Entry No.6), and his motions for the Court to order Respondent to show cause (Docket Entries No.7, No.8, No. 9) are DENIED, as moot.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on June 6, 2006.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

15